```
                    UNITED STATES BANKRUPTCY COURT
                     NORTHERN DISTRICT OF GEORGIA
                            ROME DIVISION
```

IN RE: ANGELIA GWENNETTE REMBERT,   {   CHAPTER 13
                                    {
                                    {
        DEBTOR(S)                   {   CASE NO. R18-41930-PWB
                                    {
                                    {   JUDGE BONAPFEL


**OBJECTION TO CONFIRMATION**


    COMES NOW MARY IDA TOWNSON, TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

    1.  The attorney for the Trustee was unable to conduct the meeting of creditors pursuant to 11 U.S.C. Section 341(a) because the Debtor has failed to submit a completed business packet of information to the Trustee as requested. For example, the Trustee still has not received four (4) months of bank statements, four (4) months of cash flow reports, the Debtor's 2016 and 2017 business and personal tax returns, a completed questionnaire to business Debtor, copies of business insurance policies as well as business licenses, etc.

    2.  The Debtor(s) has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

    3.  The Debtor has failed to return either completed Cash Flow Reports or Questionnaire to Business Debtor(s).  The Trustee is unable to determine the feasibility of the proposed plan.  11 U.S.C. Section 1325(a)(6).

    4.  The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d). (77 months).

    5.  The plan reflects that 11 U.S.C. Section 506 valuation is not applicable for the debt owed to W. S Badcock Corporation. As this personal property debt was incurred more than 365 days before the petition filing date, the Trustee requests that the plan be amended to properly treat this claim.

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com

6. The Chapter 13 plan fails to provide for the assumption and funding or rejection of executory contract owed to Alpha Omega Storage in violation of 11 U.S.C. Section 365(b)(1)(C).

7. Schedule G fails to reflect the Debtor(s)' executory contract with Alpha Omega Storage.

8. The Debtor's (s') Schedule I reflects a contribution from the Debtor's boyfriend of $1,000.00 per month. The trustee requests documentation regarding this contribution. If the contribution is from rental income, the trustee requests documentation such as a copy of the written lease. 11 U.S.C. Section 1325(a)(6).

9. The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $20,732.00 per month, and tax escrow slips have not been submitted; thereby, indicating that the proposed budget and Plan are infeasible, 11 U.S.C. Section 1325(a)(6).

10. The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

11. The Chapter 13 petition fails to include a debt owed to CVI-SGP-CO Acquisition Trust C/o Resurgent Capital Services, LP, in violation of Bankruptcy Rule 1007(a)(1) and 11 U.S.C. Section 1325(a)(3).

12. The proposed plan fails to provide for the treatment of CVI-SGP-CO Acquisition Trust C/o Resurgent Capital Services, LP and OneMain Financial Services, Inc. However, said creditors have filed secured claims.

13. Pursuant to information received from the Georgia Department of Revenue, 2012, 2014 and 2016 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com

   WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

                _____/s/_____
                 Brandi L. Kirkland, Attorney
                 for Chapter 13 Trustee
                 GA Bar No. 423627

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com

R18-41930-PWB

**CERTIFICATE OF SERVICE**

      This is to certify that I have this day served

DEBTOR(S):

ANGELIA GWENNETTE REMBERT
29 CRESCENT WOODE DRIVE
DALLAS, GA 30157

ATTORNEY FOR DEBTOR(S):

SLIPAKOFF & SLOMKA, PC
OVERLOOK III - SUITE 1700
2859 PACES FERRY RD, SE
ATLANTA, GA 30339

in the foregoing matter with a copy of this pleading by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

This 8th day of October 2018


_____/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627




Mary Ida Townson, Chapter 13 Trustee
Suite 2200 - 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com